IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BURNICE DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:25-CV-739 |
| | ) |
| **NOVO NORDISK, INC.** and | ) |
| **NOVO NORDISK A/S,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Burnice Davis ("Plaintiff"), by and through undersigned counsel, and for his causes of action against Defendants, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Burnice Davis ("Mr. Davis"), is an individual resident citizen of Houston County, Alabama.

2. Defendant Novo Nordisk, Inc. is a Delaware corporation with its principal place of business located in Plainsboro, New Jersey. Novo Nordisk, Inc. transacts business within the State of Alabama, markets and distributes Ozempic within Alabama, and derives substantial revenue from its activities in Alabama. This Court has personal jurisdiction over Novo Nordisk, Inc. because it has purposefully availed itself of the privilege of conducting activities within Alabama, and Plaintiff's claims arise out of and relate to those activities.

3. Defendant Novo Nordisk A/S is a foreign corporation organized under the laws of Denmark, with its principal place of business in Bagsværd, Denmark. Novo Nordisk A/S, directly and through its subsidiaries and agents, places Ozempic into the stream of commerce with the expectation and intent that it will be sold and used in Alabama. This

1

Court has personal jurisdiction over Novo Nordisk A/S because it has sufficient minimum contacts with the United States as a whole under Federal Rule of Civil Procedure 4(k)(2), and it has purposefully directed its conduct toward Alabama.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states and a foreign corporation.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, and Plaintiff resides within this district.

## FACTUAL ALLEGATIONS

6. Ozempic (semaglutide) is a prescription medication manufactured, marketed, and distributed by Defendants for the treatment of Type 2 diabetes and weight loss.

7. On or about May 2024, Plaintiff was prescribed and began taking Ozempic. Plaintiff took Ozempic three times prior to his emergency hospitalization on June 9, 2024.

8. On June 9, 2024, Plaintiff presented emergently with acute abdominal pain and was diagnosed with gangrenous cholecystitis.

9. Plaintiff underwent an emergent laparoscopic cholecystectomy on June 9, 2024, to remove his necrotic gallbladder.

10. Treating surgeon Dr. Rhett Rhyne, M.D. documented that Plaintiff had no prior history of gallbladder disease, gallstones, or cholelithiasis before taking Ozempic, and opined that Plaintiff's recent use of Ozempic caused or contributed to his development of cholecystitis.

11. Dr. Rhyne further noted that Plaintiff was septic at the time of surgery, evidencing the life-threatening severity of his condition.

12. Plaintiff has since suffered ongoing and daily abdominal pain, discomfort, and diminished quality of life.

13. At all relevant times, Defendants knew or should have known that Ozempic carried a significant risk of gallstone formation, cholecystitis, and related biliary complications, but failed to adequately warn patients and prescribing physicians.

14. Plaintiff relied on Defendants' representations and omissions concerning the safety of Ozempic and would not have taken the drug had he been adequately warned of the risks.

15. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained severe and permanent injuries, including surgical removal of his gallbladder, sepsis, ongoing abdominal pain, emotional distress, medical expenses, lost enjoyment of life, and other damages.

## CAUSES OF ACTION

**COUNT I – STRICT PRODUCTS LIABILITY (Defective Design & Manufacture)**

16. Plaintiff re-alleges and incorporates by reference paragraphs 1–15 as if fully set forth herein.

17. Defendants designed, manufactured, and placed Ozempic into the stream of commerce in a defective and unreasonably dangerous condition.

18. The foreseeable risks of Ozempic, including gallstone formation and life-threatening cholecystitis, outweighed its benefits.

19. Plaintiff's injuries were directly and proximately caused by the defective condition of Ozempic.

**COUNT II – FAILURE TO WARN**

20. Plaintiff re-alleges paragraphs 1–19.

21. Defendants failed to adequately warn physicians and consumers that Ozempic increases the risk of gallstone formation, cholecystitis, sepsis, and emergent gallbladder removal.

22. Had adequate warnings been provided, Plaintiff would not have used Ozempic and would not have suffered the injuries described herein.

## COUNT III – NEGLIGENCE

23. Plaintiff re-alleges paragraphs 1–22.

24. Defendants owed a duty of care to Plaintiff and the consuming public to design, manufacture, test, label, market, and distribute Ozempic in a reasonably safe manner.

25. Defendants breached that duty by, among other things, failing to adequately test Ozempic, failing to disclose known risks, and marketing it as safe despite evidence to the contrary.

26. As a direct and proximate result, Plaintiff suffered serious and permanent injuries.

## COUNT IV – BREACH OF IMPLIED WARRANTY

27. Plaintiff re-alleges paragraphs 1–26.

28. Defendants impliedly warranted that Ozempic was of merchantable quality and safe for its intended use.

29. In fact, Ozempic was unfit for ordinary use due to its unreasonable risk of causing gallbladder injury.

30. Plaintiff reasonably relied on Defendants' skill and judgment in furnishing Ozempic, and was injured as a result of Defendants' breach.

## COUNT V – FRAUDULENT CONCEALMENT

31. Plaintiff re-alleges and incorporates by reference paragraphs 1–30 as if fully set forth herein.

32. Defendants knew or should have known of material facts concerning the risks associated with Ozempic, including the increased risk of gallstone formation, cholecystitis, sepsis, and the need for emergent gallbladder removal.

33. Defendants willfully and intentionally concealed and suppressed these material facts from physicians, patients, and the public, including Plaintiff.

34. Defendants made partial, misleading disclosures that touted the safety and efficacy of Ozempic while omitting the full scope and likelihood of its dangerous side effects.

35. Defendants concealed these facts with the intent that physicians and patients, including Plaintiff and his prescribing provider, would rely upon the incomplete information and use Ozempic.

36. Plaintiff and his physician justifiably relied upon Defendants' concealment and omissions in choosing to prescribe and ingest Ozempic.

37. As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff sustained severe injuries, including but not limited to sepsis, surgical removal of his gallbladder, permanent pain, emotional distress, and ongoing damages as previously described.

38. Defendants' conduct was willful, wanton, malicious, and in reckless disregard of the health and safety of consumers, warranting the imposition of punitive damages.

## **DAMAGES**

31. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer:

    a. Past and future medical expenses;

    b. Past and future physical pain and suffering;

    c. Permanent injury and loss of bodily function;

    d. Emotional distress and mental anguish;

    e. Loss of enjoyment of life; and

    f. Any other damages permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Compensatory damages in an amount to be determined by the jury;

B. Punitive damages in an amount sufficient to punish Defendants and deter similar conduct;

C. Costs of this action, including reasonable attorneys' fees;

D. Pre-judgment and post-judgment interest; and

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 15th day of September, 2025.

                                          /s/ Stephen G. McGowan
                                          Stephen G. McGowan, Esq.
                                          *Attorney for Plaintiff*

**OF COUNSEL:**
**McGowan Firm**
739 West Main Street
Dothan, Alabama 36301
Telephone: (334) 699-6688